UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRASHANT KATYAL,<br><br>   Plaintiff,<br><br>   v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service,<br><br>   Defendant. | No. 2:15-cv-1021-TLN-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant's motion for summary judgment. ECF No. 13.[1] For the reasons explained below, it is recommended that the motion be granted.[2]

I.  Background

Plaintiff is a former employee of the United States Postal Service ("Postal Service"). After his employment was terminated in 2008, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Compl. (ECF No. 1) at 1-2.[3] Plaintiff prevailed in

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the pending motion, and the matter was submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

[3] Page numbers cited herein refer to those assigned by the court's case management and electronic docketing system and not those assigned by the parties.

1

arbitration and his employment was ordered reinstated. *Id*. at 15. Upon reinstatement in February 2010, the Postal Service determined that there were no positions he could perform with his medical restrictions. *Id*. at 8, 15.

To resolve the matter, in February 2011 the parties entered into a settlement agreement. Declaration of Victoria Bosch ISO Mot. Summ. J., Ex. 10 (ECF No. 13-3 at 50-56). Pursuant to that agreement plaintiff was required to apply for disability retirement. Upon the Office of Personnel Management's ("OPM") approval of his application and plaintiff's acceptance of disability retirement, the Postal Service agreed to pay him $100,000. *Id.* The settlement also provided that the Postal Service makes no representations or guarantees about plaintiff's eligibility for disability retirement or the amount of any retirement benefits. *Id*. at 52.

Plaintiff filed an application for disability retirement with OPM, and while his application was pending he was placed on "Leave Without Pay" status. *Id*. at 18 (Ex. 4), 22 (Ex. 5). To continue receiving health insurance while on leave, each pay period plaintiff would use small amounts of sick leave or annual leave to stay on the Postal Service's payroll. *Id*. at 22-23.

In August 2012, OPM approved plaintiff's disability retirement. *Id*. at 17-18 (Ex. 4). Plaintiff accepted disability retirement and in September 2012, the Postal Service paid him the amount due under the settlement agreement. *Id*. That same month, plaintiff started receiving disability retirement benefits. *Id*. at 42 (Ex. 7). The OPM's calculation of benefits was based in part on plaintiff's length of employment, and the date he was entitled to start receiving benefits was based on his last day in pay status, which was November 20, 2011. *Id*. at 23-27 (Ex. 5).

In October 2012, plaintiff submitted an Information for Pre-Compliant Counseling form with the Postal Service's Equal Employment Office ("EEO"). Declaration of Zeppelin B. Lui ISO Mot. Summ. J., Ex. A (ECF No. 13-4 at 4-5); ECF No. 1 at 26. Shortly thereafter, plaintiff called EEO Specialist Trent Andrews and left a voicemail stating that his complaint consisted of "A new complaint and a breach." ECF No. 1 at 26. On November 13, 2012, Mr. Andrews wrote a letter to plaintiff regarding his counseling form. The letter, in addition to noting Mr. Andrews' numerous attempts to contact plaintiff by telephone, requested that plaintiff clarify
/////

his complaint by November 21, 2012.[4]

Plaintiff, however, did not respond to Andrew's letter until August 15, 2013. ECF No. 13-3 at 36-37. At that time, plaintiff explained that his dispute concerned the Postal Service's failure to provide OPM with the correct date for his last day of employment. He believed, and still contends, that his last day of employment for purposes of calculating retirement benefits was February 19, 2010, the last day he physically worked for the Postal Service, and not November 20, 2011, the last day he was in pay status.

On November 23, 2013, plaintiff filed a formal EEO complaint, which the Postal Service dismissed for failure to timely contact an EEO Counselor and failure to state a claim.[5] ECF No. 13-4 at 14-18 (Ex. C). The Equal Employment Opportunity Commission ("EEOC") subsequently affirmed the dismissal, finding that the alleged discriminatory events occurred prior to August 13, 2012, but that plaintiff did not make contact with an EEO Counsel until August 15, 2013, which was beyond the 45-day limitation period provided by 29 C.F.R. § 1614.105(a)(1).[6] Plaintiff requested reconsideration, which the EEOC denied on February 4, 2015. ECF No. 13-4 at 25-27. This action followed.

The complaint alleges that the Postal Service incorrectly reported to the OPM his last day of work and length of service, and that the reporting of these inaccuracies constituted discrimination. ECF No. 1 at 1-5.

---

[4] The correspondence plaintiff filed with the EEO indicated that the incident at issue related to an OPM letter dated September 6, 2012. ECF No. 1 at 26. The applicable regulations require that a person alleging discrimination contact an EEO counsel within 45 days of the discriminatory action, which in this case would have been November 21, 2012. *See* 29 C.F.R. § 1614.105(a) (requiring a person who believes he has been discriminated against to contact an EEO counsel within 45 days of the alleged discriminatory action).

[5] Plaintiff's EEO complaint also alleged discrimination based on (1) the Postal Service's termination of insurance benefits in 2010 and 2011, (2) a February 2010 finding that there were no positions plaintiff could perform with his medical restrictions, and (3) denial of requests to reinstate his employment. ECF No. 13-4 at 14 (Ex. C), 20 (Ex. D). The complaint filed in this action does not allege discrimination on these grounds. *See* ECF No. 1.

[6] Because it found plaintiff's complaint untimely, the EEOC did not address the EEO's alternative dismissal for failure to state a claim. ECF No. 13-4 at 21 n.1 (Ex. D)

3

II. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a trier of fact.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters

which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

5

1  that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,
477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

III.   Discussion

Defendant argues that it is entitled to summary judgment on plaintiff's discrimination claim because (1) he failed to exhaust his administrative remedies under Title VII by not contacting an EEO counselor within 45 days as required by Title VII, and (2) he has no evidence that discrimination motivated either of the challenged actions.  ECF No. 5-7.  As explained below, plaintiff has failed to submit any evidence of discrimination and, as a result, plaintiff is entitled to summary judgment.  The court therefore declines to address defendant's alternative argument.[7]

/////

---

[7] Although exhaustion of administrative remedies is required to confer the district court with jurisdiction over a Title VII claim, *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003), 29 U.S.C. § 1614(a)(2)'s requirement that an employee contact a counsel within 45 days "is not a jurisdictional prerequisite for suit in federal court," *Kraus v. Presidio Trust Facilities Div./Residential Management Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009).  Accordingly, the court may consider the merits without addressing whether plaintiff complied with § 1614(a)(2).

6

As previously noted, the complaint alleges that the Postal Service incorrectly reported to OPM plaintiff's last day of employment and length of service, and that such conduct amounted to discrimination. *See* ECF No. 1 at 4-5. The complaint, however, does not allege the basis of the alleged discriminatory conduct (*e.g.*, race, religion, disability, age), nor does it identify the statutory basis for his discrimination claim(s). However, in his EEOC complaint, which is appended to the complaint filed in this action, he alleged discrimination based on race, religion, sex, national origin, age, physical and mental disabilities, and retaliation for EEO activity. ECF No. 1 at 23.

Regardless of whether plaintiff intends to proceed under Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act, to prevail on a discrimination claim he must produce evidence that would allow a reasonable jury to find that the challenged conduct was motivated by unlawful discrimination. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987) (to establish a prima facie case of disparate treatment under Title VII, plaintiff must introduce evidence that "give[s] rise to an inference of unlawful discrimination.") (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (under the Rehabilitation Act, a plaintiff "must show that he was discriminated against solely on the basis of his disability); *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (A prima facie case of age discrimination "requires evidence adequate to create an inference that an employment decision was based on an illegal discrimination criterion.").

Defendant submitted evidence demonstrating that plaintiff is unable to meet his burden of showing that the Postal Service's alleged incorrect reporting of plaintiff's last day of employment and the duration of his service were due to discrimination. At his deposition, the following colloquy transpired:

> Q: What led you to believe that the problems with the dates that we've been talking about[,] that are at issue in this case[,] had to do with discrimination?
>
> A: Well, looking at other people I—not looking at other people—I just sort of feel like—I'm a different race, I've been held to higher standards. Every time I'm trying to talk to her, my supervisor,

> they're not fixing it the situation. Maybe I'm—because I'm a different race or age or different religion, maybe that's because of why.
>
> Q: Are there any other reasons why you thought this was a problem that involved discrimination?
>
> A: No.

ECF No. 13-3 at 45 (Ex. 8).

Thus, plaintiff essentially conceded at this deposition that he has no evidence of discrimination. More significantly, he has not submitted any evidence at all in opposition to defendant's motion for summary judgment. Instead, plaintiff's opposition[8] merely argues, without evidentiary support, that: (1) the Postal Service provided OPM incorrect information regarding the duration of his employment, (2) his last day of work was in February 2010 instead of 2011; (3) after his last day of work he only used sick and annual leave once or twice a month to stay on payroll to keep his health insurance, and (4) that an EEO counselor failed to acknowledge that his primary dispute with the Postal Service concerned the reporting of his length of service and last day of employment.[9] ECF No. 23 at 1-2.

These unsupported allegations are insufficient to defeat summary judgment. *Stanley v. University of S. California*, 178 F.3d 1069, 1076 (9th Cir. 1999) ("Unsupported allegations made

---

[8] In response to defendant's motion for summary judgment, plaintiff filed a document entitled "Undisputed Statement of Facts." ECF No. 23. In a subsequent filing, plaintiff confirmed that that he intended the "Undisputed Statement of Facts" to serve as his opposition to defendant's motion. *See* ECF No. 28.

[9] Although plaintiff alleges that he was subject to discrimination, his complaint and opposition suggest that his primary dispute concerns OPM's calculation of his retirement benefits, rather than discrimination by the Postal Service. That issue, however, is not before this court. Under the Civil Service Reform Act ("CSRA"), federal employees asserting retirement related claims must first adjudicate claims with OPM, and then they may seek review from the Merit Systems Protection Board ("MSPB") and then the Federal Circuit. *See* 5 U.S.C. § 8461(c) (OPM "shall adjudicate all claims under" the Federal Employees Retirement System's Act); 5 U.S.C. § 8347(b) (OPM "shall adjudicate all claims under" the Civil Service Retirement System); *Rodriguez v. United States*, 852 F.3d 67, 83 (1st Cir. 2017) (the CSRA applies to federal employee "retirement claims, which are first reviewed by OPM and thereafter by the MSPB and the Federal Circuit."). This action follows plaintiff's discrimination complaint filed with the Postal Service's EEO, not adjudication of a claim by OPM.

in briefs are not sufficient . . . to defeat a motion for summary judgment."). Moreover, even if his contentions are true, they fail to suggest that plaintiff was subject to discrimination. Although plaintiff is not required to produce direct evidence of discrimination, at a minimum he must produce some evidence from which a reasonable inference could be drawn that would permit a jury to reasonably conclude at trial that discriminatory animus and not the defendant's proffered explanation motivated the actions of the defendant. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889-90 (9th Cir. 1994).

As plaintiff has failed to submit any evidence supporting his claim of discrimination, defendant is entitled to summary judgment.

## IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 13) be granted; and

2. The Clerk be directed to enter judgment in defendant's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2017.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE